**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario ANGUIANO–SILVA,**
**Defendant–Appellant.**

**No. 12–50305.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2013.[*]

Filed May 21, 2013.

Timothy C. Perry, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Devin Burstein, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM [**]

Mario Anguiano–Silva appeals from the 14–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Anguiano–Silva contends that the district court procedurally erred by failing to address his argument that a lower sentence was justified in light of the length of the sentence imposed for his new 8 U.S.C. § 1326 violation. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court explained that a lower sentence would not adequately reflect the 18 U.S.C. § 3583(e) sentencing factors or appropriately sanction Anguiano–Silva for his breach of the court's trust.

Anguiano–Silva also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Anguiano–Silva's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In light of the totality of the circumstances and the section 3583(e) sentencing factors, the below-Guidelines sentence is substantively reasonable. *See id.*

**AFFIRMED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.